UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY DAKOTA ANDREWS,

      Plaintiff,

v.                          Case No:  2:18-cv-619-FtM-38CM

KATHLEEN A. SMITH,

      Defendant.

_____/

**OPINION AND ORDER**[1]

      Plaintiff who is confined as a pretrial detainee in the Lee County Jail instituted this action by filing a *pro se* Complaint for Violation of Civil Rights pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff accompanies the filing of his Complaint with a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2). For the following reasons, the Court *sua sponte* DISMISSES the Complaint.

      Because Plaintiff is a "prisoner"[2] and seeks to proceed *in forma pauperis*, the Court is required to review the Complaint and "dismiss the complaint, or any portion of the complaint" if the Court finds that the complaint "is frivolous, malicious, or fails to state a

_____

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Despite his pretrial detainee status, (*see* Doc. 13 at 4), Plaintiff is considered a prisoner for purposes of review under 28 U.S.C. § 1915A, as the term includes "any persons incarcerated or detained in any facility who is accused of . . . violations of criminal law . . . ." *Id.* § 1915A(c).

claim upon which relief may be granted; or, alternatively "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915 where it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. *Id.* at 327. In addition, where an affirmative defense would defeat a claim, it may be dismissed as frivolous. *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). That is, although a complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 47 (11th Cir. 2004). Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972). Ordinarily, a pro se litigant must be given an opportunity to amend his complaint. *Id.* at 1349. However, if an amendment would be futile, the district court

may deny leave to amend.  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law.  *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998).  In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001); *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995); *Title v. Jefferson County Comm'n*, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

Plaintiff's Complaint names Kathleen Smith, the Public Defendant for the Twentieth Judicial Circuit Court, as the sole defendant.  Doc. 1 at 2.  Plaintiff complains that Defendant Smith "violated [his] rights to speedy trial, due process, to be informed of the nature and cause against [him], to have compulsory process for obtaining witnesses in [his] favor, and having adequate assistance of counsel."  *Id.* at 4.  In support, Plaintiff alleges, *inter alia*, that the Public Defender: (1) waived his right to speedy trial and for a bond hearing without his consent; (2) did not investigate his claims that his confession was coerced or that evidence and the interrogation tape were tampered with; (3) failed to provide him with full discovery;  and (4) was ill-prepared for hearings.  *Id.* at 5.  As relief, Plaintiff requests that the Court "compel the Public Defender's Office to provide adequate and effective counsel" who will "follow . . . constitutional rights" and dismiss the charges against him.  *Id.*

The Supreme Court has held that a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County, et al. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted); *Hall v. Tallie*, 597 F. App'x 1042, 1044 (11th Cir. 2015); *Grinder v. Cook*, 522 F. App'x 544, 547 (11th Cir. 2007). Consequently, Ms. Smith is not deemed a state actor and no viable § 1983 claim is stated to the extent the Complaint attributes liability to Ms. Smith due to her alleged incompetence or her failure to undertake certain actions to vigorously defend Plaintiff in his underlying criminal proceeding.

Alternatively, to the extent that Plaintiff is attempting to assert claims based upon the Sixth Amendment's right to a speedy trial, this aspect of the Complaint is properly pursued via a pretrial habeas corpus petition pursuant to 28 U.S.C. § 2241 after a petitioner has exhausted his state court remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488 (1973) (holding that state petitioner "is entitled to raise a speedy trial claim" prior to trial to force the state to bring him to trial); *Stack v. Boyle*, 342 U.S. 1, 5-6 (1951)(The Eighth Amendment's prohibition on excessive bail is actionably in a pretrial habeas proceeding). Consequently, to the extent Plaintiff wishes to force the State to promptly bring him to trial, Plaintiff should seek relief via a § 2241 habeas petition, after his state court remedies have been exhausted.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Complaint for Violation of Civil Rights (Doc. 1) is **DISMISSED**.

2. The **Clerk of Court** shall provide Plaintiff with a § 2241 habeas corpus form for his use, if appropriate, terminate any pending motions, enter judgment and close this file.

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of September 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

FTMP-1
Copies:  All Parties of Record